*960 CARAWAY, J.,
concurring in part and dissenting in part.
Ill respectfully dissent in part for the following reasons. There are three cited rules in this case with clear directives which have as their underlying purpose the avoidance of the hostilities and prolonged litigation that too often inflict our family law controversies. The first rule cited by the majority is to insure that the parent owing child support under a judicially approved plan or judgment continues to pay that obligation until modified by a further court order. The sanctioning of the child support obligation by the court in the first place is for the benefit of the children. “Children should not be the economic victims of divorce.” La. R.S. 9:315(A). Therefore, the parents’ “self-help” modification efforts thereafter through side “agreements” should in my opinion always be ineffective until the trial court, with its obligation to insure the protection of the children, affirms such modification of the existing support judgment by a consent judgment. Instead of such a bright line rule, our courts continue to entertain expensive litigation with the “he-said, she-said” hearings over these parental side agreements.
The second rule now violated by the majority is a statute, La. R.S. 9:315.21. The majority misunderstands this statute. Subpart A of the statute identifies the statute’s application for settings involving “a judgment awarding ... an interim child support allowance.” After the majority honors the parties’ side agreement for $750/month child support, thereby finding no existing “judgment awarding” that child support obligation, it reverses the trial court by ignoring the following rule of La. R.S. 9:315.21(B)(2):
| gIf an interim child support allowance award is not in effect on the date of the judgment awarding final child support, the judgment shall be retroactive to the date of judicial demand, except for good cause shown, but in no case prior to the date of judicial demand.
When plaintiff filed her rule for final child support, there was no existing “judgment awarding interim child support” in effect, only the parties’ side agreement. Therefore, once the side agreement was recognized by the trial court and affirmed by the majority, the trial court’s retroactive award of the increase support from $750 to $1126.08 was the correct application of the statute.
The final rule is also embodied in a statute in favor of the domiciliary parent’s authority to make decisions for the child. La. R.S. 9:355(B). The statute is clear that a heavy evidentiary burden is placed on the non-domiciliary parent to overcome a legal presumption that the domiciliary parent’s decisions are made in the best interest of the children. Here, the domiciliary parent made a decision between two private schools for the elementary education of her two daughters. One might first debate under the statute just how “major” a decision this was. Nevertheless, after numerous witnesses and court time, this major decision was litigated and appealed, with the majority now concluding “that both schools have outstanding academic programs.” The decision therefore of the domiciliary parent should have easily prevailed and arguably never been litigated in the first place. Yet, the result now reached, second guessing the domiciliary parent and blurring another bright line rule, will no doubt continue to foster family disputes over such matters.